### SAMUEL NICHOLSON *v.* WILLIAM MARDERS.

Where one receives his letters and papers from two post offices in the neighborhood of his residence, notices of protest must be directed to him at the office nearest thereto.

APPEAL from the District Court of Concordia, *Curry*, J.

*F. H. Farrar* and *Dunlap*, for the appellant.

*Stacy*, for the defendant.

MARTIN, J. The plaintiff is appellant from a judgment of non-suit. The defendant was sued as endorser of a note payable in bank, and his counsel urged that the plaintiff had failed to prove a sufficient demand of the maker, and due notice to the endorser. It appears that the note was the property of the Bank, or at least placed with it for collection, for the protest is made at the request of the cashier, and the maker had no funds there to take it up.

The notice was given by placing in the post office at Natchez, a letter containing it, directed to *William Marders, Natchez*, which the notary deposes is, according to the best information he could obtain, the office at which the defendant receives his letters and papers. He is a resident of the parish of Concordia, in which there was no post office at the time. The post offices at Natchez and Rodney are the nearest to the defendant's house, and it is in proof that he received his letters and papers at each of these offices.

We have already held, that where a party receives his letters and papers at two post offices in the neighborhood of his house, notice must be directed to him at the post office nearest his residence. *Mechanics and Traders Bank of New Orleans* v. *Compton and others, ante,* p. 4. In the present case, although one or two witnesses are of opinion that Natchez is nearer to the house of the defendant than Rodney, the greatest number of them consider Rodney as the nearest post office.

*Judgment affirmed.*